# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LANCE TAYLOR, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 4:09CV00307 ERW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lance Taylor for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. Although the complaint is not entirely comprehensible, plaintiff appears to allege that defendant Missouri Department of Social Services has violated his rights under the Privacy Act by using his federal tax refund statements to calculate child support that plaintiff owes.

## Discussion

The Privacy Act of 1974 only applies to federal agencies. See 5 U.S.C. § 551(1), § 552(f), § 552(a)(1) (although § 552a(1) refers to § 552(e) for the definition

of "agency," the definition is contained in § 552(f)).  The Privacy Act does not apply to state agencies.  E.g., St. Michael's Convalescent Hospital v. State of Cal., 643 F.2d 1369, 1373 (9th Cir. 1981).  As a result, the complaint fails to state a claim against defendant Missouri Department of Social Services.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th Day of February, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE